| ,PETTIGREW, J.,
concurring.
I agree with the majority’s position in this case in affirming the trial court.
However, I do have problems with the last sentence of footnote one, which states “This objection was not challenged by appeal or answer to appeal and is therefore *731 not properly before this court. LSA-C.C.P. arts. 2121 and 2133.” I am of the humble opinion that the majority is overlooking paragraph B of that same article. Paragraph B of Article 2133 specifically provides “A party who does not seek modification, revision, or reversal of a judgment in an appellate court, including the supreme court, may assert, in support of the judgment, any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs.”
It is obvious that J. Caldarera & Co., Inc. is not trying to modify, revise, or reverse the trial court’s judgment denying appellant’s damages. However, I do not feel this precludes Caldarera from responding to appellant’s appeal and asserting “any argument supported by the record.” Certainly, the use of summary procedure in violation of La.Code Civ. P. art. 3608 by the trial court in lieu of ordinary procedure for the damages is factually supported by the record before us. Caldarera objected at the trial court level to the use of summary procedure. However, because we agree that it is discretionary with the trial court whether damages should be denied, it is not necessary to address the issue of the improper use of summary procedure, and, therefore, the issue is pretermitted. Nonetheless, if the majority had decided that the trial court should have awarded damages, this court would have then been required to address | ?the issue of the improper use of summary procedure. Caldarera did not waive this issue, but rather properly preserved same for review by this court.
For these reasons, I respectfully concur with the majority.